UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY GIOIOSA,<br><br>                    Plaintiff,<br>    v.<br><br>JENNIFER WALSH, et al.,<br><br>                    Defendants. | Case No. 2:20-cv-00939-RFB-VCF<br><br>ORDER |

**I.      DISCUSSION**

On May 26, 2020, Plaintiff filed a complaint and an incomplete application to proceed *in forma pauperis*. (ECF No. 1 at 1, 1-1). On May 28, 2020, the Court denied Plaintiff's application to proceed *in forma pauperis* because it did not include the required signed financial certificate and copy of his prison account statement and therefore was incomplete. (ECF No. 3). The Court ordered Plaintiff to pay the filing fee or file a complete application to proceed *in forma pauperis*, including a properly signed financial certificate and a copy of his prison account statement for the previous six months, by July 27, 2020. (*Id.*) The Court explicitly warned Plaintiff that failure to comply with the Court's order would result in dismissal of his case. (*Id.*) Because Plaintiff failed to comply with that order, the Court dismissed Plaintiff's case without prejudice, which permitted Plaintiff to file a new case with the Court if he filed in that new case a complete application to proceed *in forma pauperis*, including the required financial documents. (ECF No. 4).

Plaintiff now has filed a motion to set aside the dismissal. (ECF No. 8). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior

1

decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

In his motion to set aside the dismissal, Plaintiff provides no reason why the dismissal should be set aside and merely states that he disagrees with the defendants in this case.[1] (ECF No. 8). Plaintiff did not comply with the Court's order for him to file a *complete* application to proceed *in forma pauperis* in this case, including the required financial documents, and Plaintiff provides no evidence that he did comply with that order. The Court therefore denies the motion to set aside the dismissal. For the same reason, the Court also denies the motion for proof of service and action taken by the Court on Plaintiff's civil rights complaint (ECF No. 9). This case is closed, and no further action will be taken by the Court in this case. If Plaintiff wishes to pursue his claims, he must file a complaint in a <u>new</u> case and pay the filing fee in that new case or file in that new case a complete application to proceed *in forma pauperis*, including the required financial certificate and prison account statement.

Plaintiff also has requested copies of filings in this case. (ECF Nos. 6, 8). The Court cannot provide free copies for parties, even for indigent plaintiffs. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Although Plaintiff has asked the Court to charge his account (ECF No. 8), Plaintiff himself must arrange to provide payment from his account and he has not provided payment. If Plaintiff wishes to receive copies of

---

[1] The Court notes that the Complaint in this action was never served on defendants and defendants never filed anything with the Court in this case. The Court *sua sponte* dismissed this case based on Plaintiff's failure to comply with its order.

electronically filed documents from the Court, he must pay $0.10 per page.  Nev. LR IC 1-1(i)(5).

## II.     CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motions (ECF Nos. 6, 8, and 9) are denied.  The Clerk of the Court is directed not to file any further pleadings in this closed case.

DATED: December 2, 2020.



_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE